**Leon Sabra BLATT, Plaintiff-Appellant,**

v.

**Pete SHOVE; et al., Defendants-Appellees.**

**No. 15-35583**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

Leon Sabra Blatt, Pro Se

Brian C. Augenthaler, Attorney, Jeremy W. Culumber, Attorney, Keating Bucklin McCormack, Seattle, WA, for Defendants-Appellees Pete Shove, Jeffrey Franzen, Adam Vermuelen, Fred Gillings, John Doe Gehlsen, Lorrie C. Towers

Bridget E. Casey, Deputy Prosecuting Attorney, Michael C. Held, Snohomish County Prosecuting Attorney, Everett, WA, for Defendant-Appellee John Lovick

Brian C. Augenthaler, Attorney, Jeremy W. Culumber, Attorney, Keating Bucklin McCormack, Seattle, WA, Jon J. Walker, Attorney, City of Marysville, Marysville, WA for Defendants-Appellees City of Marysville, City of Lake Stevens

Vance Patrick Odell, Pro Se

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

*See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Leon Sabra Blatt appeals pro se from the district court's order denying his motion for a new trial following a jury verdict in his 42 U.S.C. § 1983 action arising from an arrest. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's denial of a motion for a new trial, *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987), and we affirm.

The district court did not abuse its discretion in denying Blatt's motion for a new trial because Blatt did not show clear and convincing evidence that the verdict was obtained through perjury or that defense counsel's conduct prevented Blatt from fully and fairly presenting his defense. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000) (a motion for a new trial may be granted on the basis of false or perjurious evidence); *Wharf v. Burlington Northern R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995) (setting forth the standard for granting a motion for a new trial due to "fraud, misrepresentation, or other misconduct").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).